## CARTER *v.* FATELY.

CHATTEL MORTGAGE.—*Barter of Chattel, by Mortgagor, with License of Mort-gagee.*—*Estoppel.*—*Replevin.*—*Notice.*—If mortgaged chattels be left in the possession of the mortgagor, by the mortgagee, with license to sell or ex-change the same, he and his assigns are estopped to claim the chattels under the mortgage, from one who, without knowledge of the mortgage, exchanged other chattels for the mortgaged chattels, with the mortgagor, and with the knowledge of the mortgagee.

SAME.—Where such third person, though afterward notified of the existence of the mortgage and of the mortgagor's license to sell or exchange, and after having been in possession for a year, surrenders the mortgaged prop-erty, on demand, to the mortgagee or his assigns, under the mortgage, he can not replevy from the mortgagor the chattels so received in exchange for the mortgaged chattels.

From the Bartholomew Circuit Court.

*S. Stansifer*, for appellant.

BIDDLE, J.—Complaint to recover the possession of a mare.

The appellant, who was defendant below, answered in two special paragraphs, the second of which is in the words following:

"2. The only claim or demand of plaintiff to said prop-erty, or the possession thereof, is as follows: Defendant mortgaged a certain wagon to one James Harker, to in-demnify him as surety for defendant on certain notes of defendant to third parties, Harker suffering and permit-ting defendant to retain possession of said property; thereafter said Harker gave defendant permission and au-thority to sell or trade off said wagon, and in pursuance thereof defendant exchanged the same with plaintiff for the mare in suit, he, plaintiff, being ignorant of even the existence of said mortgage. After said exchange, which was well known to said Harker, he suffered and permitted plaintiff to keep and hold said wagon for, to wit, one year, when the same was demanded of him under said mortgage, and, before the surrender thereof defendant notified

plaintiff of said leave and permission to trade said wagon, and required of him that he refuse to surrender the same until required by due process of law, yet, notwithstanding said notification and requirement, plaintiff voluntarily surrendered said wagon on said demand."

The first paragraph of answer alleges the same facts, but more in detail, and avers the assignment of the mortgage, by Harker, to Hill and Stearns, who demanded and received the wagon from the appellee, but differs nothing in principle from the second paragraph.

Without stating the proceedings any further, we may at once say that the court sustained separate demurrers to each paragraph of answer, for the want of sufficient facts to constitute a defence, and that these rulings present the only questions in the case.

No brief has been filed on behalf of the appellee. We are, therefore, not aware of his views concerning his rights in the premises; nor are we informed upon what ground the court held either paragraph of the answer insufficient. Each of them seems to us to be good. When Harker left the wagon mortgaged to him in the possession of the mortgagor, and gave him license to sell or trade the same, and had full knowledge that the mortgagee, under said license, had exchanged the wagon to the appellee, who had no knowledge of the mortgage, for the mare in suit, and with this knowledge allowed the appellee to keep the wagon one year after he had so exchanged his mare for it, he estopped himself from demanding the wagon from the appellee under the mortgage; and the assignees of the mortgage afterwards are as effectually barred by the estoppel against Harker as Harker was himself. The appellee had a good title to the wagon, and he should have defended it against the mortgagee or his assignees. Not having done so, upon notice, he is not in a position to replevy the mare he exchanged for the wagon. The doctrine of estop-

pel by matter *in pais* is familiar to the profession. *Woodward* v. *Wilcox*, 27 Ind. 207 ; *Williams* v. *Jackson*, 28 Ind. 334 ; *Johnson's Adm'r* v. *Unversaw*, 30 Ind. 435 ; *The State, ex rel.*, v. *Pepper*, 31 Ind. 76 ; *McCabe* v. *Raney*, 32 Ind. 309.

Perhaps the appellee could not replevy the mare, if his title to the wagon had failed ; but, as this question is not necessarily involved in the case, we do not decide it.

The judgment is reversed, at the appellee's costs ; cause remanded, with instructions to overrule the demurrers to the first and second paragraphs of answer, and for further proceedings.