No. 40.

### BENEDICT ET AL. *v.* FARLOW.

CHATTEL MORTGAGE.—*Sale by Mortgagor by Permission of Mortgagee.—Estoppel of Mortgagee.*—Where the mortgagee of a chattel leaves the mortgaged property in the possession or the mortgagor with license to sell the same, and stands by, without objection, when the same is sold at public sale to one who has no actual notice of the mortgage, he and his assigns are estopped to set up any interest in the property against such innocent purchaser.

SAME.—*Consideration.*—In such case, the purchaser being without notice of the mortgage, the fact that no consideration for the license to sell is shown is immaterial.

PRACTICE.—*Joint Demurrer.*—Where two or more join in a demurrer it must be overruled if the pleading to which it is addressed be good as to any one of the demurring parties.

From the Madison Circuit Court.

*C. M. Greenlee, G. M. Ballard* and *E. B. Goodykoontz,* for appellants.

*M. S. Robinson, J. W. Lovett* and *S. M. Keltner,* for appellee. .

REINHARD, J.—Upon the authority of *City of Hammond* v. *New York, etc., R. W. Co.,* 126 Ind. 597, we assume jurisdiction in this case, notwithstanding the fact that one of the judges is disqualified to sit therein on account of his former connection with the same as counsel.

Error is alleged by the appellant in the overruling of the demurrer to the second paragraph of the answer, and in overruling the motion for a new trial.

The action is brought by the appellants against the appellee for the recovery of personal property upon which the appellants claim to hold a chattel mortgage. The answer is in two paragraphs, the first being the general denial, and the second, to which the demurrer was overruled, is by way of estoppel, and is, in substance, as follows :

That the property in controversy is a bay horse colt ; that on the 16th of August, 1886, one Nelson Gunn was the owner of the same, and on that day said Gunn and one John Wright executed to the plaintiffs a chattel mortgage upon said property, which was then a mere sucking colt, and that this mortgage constitutes the sole claim which the plaintiffs have on said colt; that in September, 1886, said Gunn, who had been allowed by the plaintiffs to retain possession of said colt, made a public sale of all his personal property, including said colt, and sold the same at public outcry and auction, together with the mare then suckling the same ; that after the execution of the mortgage and before the sale, the plaintiff, Daniel Benedict, for himself and his co-plaintiff, who was a joint owner and partner with him in said property, agreed with Gunn that he might sell the colt; that said Daniel Benedict was present at the sale and stood by and saw the defendant purchase the colt for its then full value, and never asserted or claimed any interest in or title to the same, nor did he give any notice whatever, at said sale, that he had or claimed any interest therein ; that defendant purchased the colt in good faith and without notice that plaintiffs had or claimed any interest in such property, and in the belief that it was the absolute property of said Gunn and was clear of encumbrance, and that if plaintiffs had asserted any claim to said colt the defendant would not have purchased it; that the colt, when defendant purchased it, was worth only forty dollars ; that defendant has kept and fed and reared it at his own expense, and that it has in-

creased in value until it is now worth one hundred dollars. Wherefore, etc.

We think the facts set out in this paragraph of the answer are sufficient to constitute an estoppel. *Hosford* v. *Johnson,* 74 Ind. 479.

Where a mortgagee of chattels leaves the mortgaged property in the possession of the mortgagor, with license to sell or trade the same, he and his assigns are estopped to set up any interest in the property against one who acquires the same by purchase or exchange of other property from the mortgagor, and with the knowledge of the mortgagee. *Carter* v. *Fately,* 67 Ind. 427.

In the case at bar the averment is that the mortgagees not only gave permission to the mortgagor to sell the property, but that one of the mortgagees stood by and saw the appellee purchase the colt, without setting up or claiming any interest in it. Where such permission is given and the mortgagee allows the mortgagor to appear as if he had complete control and authority over the thing mortgaged, he will be estopped to deny such authority against one who has no actual notice of the mortgage, and who on the representations or silence of the mortgagee has purchased the property. 7 Am. & Eng. Encyc. of Law, p. 18.

The cases cited, and apparently relied upon by the appellants, do not sustain their position. There was no question of estoppel presented in those cases.

Appellants contend that the acts and agreement of Daniel Benedict in permitting Gunn to sell the property, etc., are not binding upon the appellant, William Benedict, and that, therefore, the demurrer should have been sustained. The demurrer to this paragraph of the answer was a joint demurrer by both of the appellants. Where two or more join in a demurrer it must be overruled if the pleading to which it is addressed be good as to any one of the demurring parties. *Wilcox* v. *Moudy,* 82 Ind. 219 ; *Eichbredt* v. *Angerman,* 80 Ind. 208. Besides, it is alleged in this paragraph

of the answer that Daniel Benedict acted for both himself and his co-plaintiff, and also that they were partners.

Appellants insist that there is no consideration shown for the agreement allowing Gunn to sell the property.

It is true that if the fact of the existence of the mortgage had been known to both parties, there could be no estoppel short of a binding contract. *Stoddard* v. *Johnson*, 75 Ind. 20. But. there is no pretence that the appellee had any actual knowledge of the mortgage, and the pleading charges directly the opposite. We think the demurrer was properly overruled.

The remaining specification of errors challenges the sufficiency of the evidence to sustain the finding.

We have examined the evidence and believe it tends to sustain the finding and judgment. There is much conflict upon several material facts involved, but we can not disturb the finding unless there is a palpable failure of proof as to some material fact necessary to make out the case. We find no such total failure.

If the appellant William Benedict believed no cause of action had been made out against him, as he now complains, he should have made a separate motion for a new trial in the court below, and failing there he should have made a separate assignment of errors here. *First Nat'l Bank, etc.,* v. *Colter*, 61 Ind. 153. Having failed to do this, no question is presented by him separately which requires any ruling from us.

We have noticed all the questions argued in appellant's brief and find no available error.

The judgment is, therefore, affirmed, with costs.

ROBINSON, J., having been of counsel in this case, did not take any part in this decision.

Filed April 17, 1891.