STATE, Respondent, v. SHOMAKER, Appellant.

(187 N. W. 630.)

(File No. 4972.   Opinion filed March 31, 1922.   Rehearing denied May 16, 1922.)

1.   Criminal Law—Evidence—Selling Mortgaged Property Without Written Consent—Oral Consent To Exchange of Automobiles, Whether Waiver of Lien, Whether Mortgage Still "In Force" —Action Against Purchaser for Conversion Distinguished.

Where a mortgagor of an automobile exchanged same for another auto with oral consent to mortgagee bank's cashier, such consent did not amount to waiver of the mortgage lien, and so as to render the mortgage no longer "in force" within meaning of Sec. 4380, Code 1919; and offer of evidence of oral consent was properly refused. Case of an action by mortgagee against purchaser from mortgagor with mortgagee's oral consent, for conversion, distinguished.

2.   Same—Selling Without Mortgagee's "Written Consent," Oral Consent Insufficient—Non-application of Oral Waiver Theory to Criminal Statute—Removal of Property From County, Distinguished.

Under Sec. 4380, Code 1919, providing that mortgagor of personalty who, while mortgage remains "in force and unsatisfied," wilfully sells or otherwise disposes of any part thereof "without the written consent of the then holder" of the mortgage, is guilty of a felony, held, that one a mortgagor of an automobile who, with oral consent of bank mortgagee's cashier, exchanged it for another auto, could not in defense to an information under the statute, show such oral consent; that the rule under which a chattel mortgagee waives his mortgage lien, or is estopped to enforce it, by conduct inconsistent with its existence, and permitting such waiver or estoppel to be shown by other than written evidence, has no application to a criminal statute in effect providing that written consent by mortgagee is the only competent evidence to prove waiver of the lien. Case of removal of mortgaged property from county, distinguished.

**3. Same—Oral Consent As Provable In Mitigation of Punishment, Suggested.**

While oral consent of mortgagee is not provable as a defense to a criminal prosecution for selling mortgaged chattels without mortgagee's written consent, Court suggests it would not be improper to permit oral consent to be shown in mitigation of punishment.

Whiting, J., dissenting.

Appeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

The defendant, B. I. Shomaker, was convicted of the crime of selling mortgaged property without the written consent of the mortgagee, and he appeals. Affirmed.

*C. L. Jones,* and *Frank Vincent,* for Appellant.

*Byron S. Payne,* Attorney General, and *William R. Danforth,* State's Attorney, for Respondent.

(1) To point one of the opinion, Appellant cited: Coughran v. Western Elevator Co., 22 S. D. 214, 116 N. W. 1122; Minneapolis Threshing Machine Co. v. Calhoun, 37 S. D. 542, 159 N. W. 127; Walker v. Camp, 27 N. W. 800.

Respondent cited: State v. Reeder, 36 S. C. 497; State v. Bronkol, 5 N. D. 507, 67 N. W. 680; 7 Cyc. 763, and cases cited.

SMITH, J. Appellant was convicted of the crime of selling or disposing of mortgaged personal property, and appeals from the judgment and an order overruling motion for a new trial.

The record discloses that appellant mortgaged a Patterson automobile with other personal property to the Farmers' & Mer-

chants' State Bank, a corporation, to secure an indebtedness of $5,500. The information alleged that:

"On or about the first day of April, 1920, during the existence of the lien created by said mortgage, while said mortgage was in full force and effect and unsatisfied, the said B. I. Shomaker, in the county of Hanson and state of South Dakota, did willfully and feloniously, and without the written consent of the said Farmers' & Merchants' State Bank, * * * the owner and holder of said mortgage, sell and dispose of the above-described Patterson automobile, so covered by said mortgage, to one Joseph P. Altenhofer, contrary to the form of the statute," etc.

The record discloses that appellant, on or about the date alleged in the information, traded the Patterson automobile to one Altenhofer for an Oakland car. Appellant's only defense was that the exchange of cars was made with the oral consent of the mortgagee. At the trial he offered evidence tending to prove an oral assent to the exchange by one Volz, cashier of the bank. This evidence was objected to and excluded. Error is assigned upon such rulings. The theory of the defense is that:

"An oral consent to the sale of chattel mortgaged property acted upon by the mortgagor is a waiver of the mortgage lien as to the particular property to which the consent of sale is given; that when the lien of the mortgage has been thus waived prior to the sale or exchange of such property, the mortgage is not 'in force'"

—which is one of the elements of the crime described by the statute.

In support of this contention appellant cites Coughran v. Western Elevator Co., 22 S. D. 214, 116 N. W. 1122, in which this court held that, where the mortgagee authorized the mortgagor to sell grain and collect the money therefor, there was a complete waiver of the mortgage lien. The action was against the purchaser from the mortgagor for conversion of the mortgaged property. The jury found that the purchaser was advised by the mortgagee that he had consented to the sale of the property by the mortgagor. Clearly in that case the mortgagor was estopped by waiver to assert the lien of the mortgage against one who had purchased the property with knowledge and consent of the mortgagee. Carter v. Fately, 67 Ind. 427.

[1]　In this class of cases it does not necessarily follow that a consent to a sale of the mortgaged property to a third person amounts to a forfeiture of the lien, as does a wrongful sale of mortgaged property by the mortgagee in possession.

[2]　Section 4380, Rev. Code 1919, provides that:

"Any mortgagor of personal property * * * who, while his mortgage thereof remains in force and unsatisfied, willfully * * * sells, or in any manner disposes of * * * any part thereof covered by such mortgage, without the written consent of the then holder of such mortgage, shall be deemed guilty of a felony."

In 11 Corpus Juris, 674, it is said:

"A chattel mortgagee may waive his mortgage lien or be estopped to enforce it by conduct inconsistent with its existence, and such waiver or estoppel need not, of course, be shown by written evidence or be supported by a consideration."

And the authorities hold with practical unanimity that evidence tending to prove such an estoppel or waiver may be either written or by parol. 43 L. R. A. (N. S.) note, p. 306. But this rule has no application under a criminal statute which, in effect, provides that a written consent by the mortgagee is the only competent evidence to prove a waiver of the lien.

The case of Watson v. State, 11 Okl. Cr. 542, 149 Pac. 926, is cited by appellant. The prosecution was under a statute similar to ours, but the act charged was the removal of mortgaged chattels from one county to another. The court held that this clause of the statute should not be so technically construed as to penalize a mortgagor for removing property from one county to another in the state, unless the act resulted in defrauding the mortgagee, or was done with intent to defraud him; that the purpose of the statute was to give the mortgagee protection against fraud, annoyance, and unnecessary expense, and that removal of mortgaged property, in order to constitute a crime under the statute, must be shown to be an act which would have the same results upon the security of the mortgagee as would "concealing, selling or materially injuring" the property. This case is not authority sustaining appellant's contention that a parol permission to sell or dispose of mortgaged property is a sufficient defense under the criminal statute. Rather it classifies the act of removing mortgaged property under certain circumstances with the act of sell-

ing, disposing of or destroying such property, but holds that certain acts of removal are not within the purview of the statute.

State v. Boyer, 86 S. C. 260, 68 S. E. 573, was a prosecution for selling mortgaged property without the written consent of the mortgagee. The court held that a clause in the mortgage itself, which authorized the mortgagor to sell the mortgaged property, provided a draft in favor of the mortgagee accompanied the bill of lading, and authorizing the mortgagee to apply the proceeds, in whole or in part, upon the mortgage debt, did not constitute a written consent to a sale, and a conviction was sustained by the court, even after the mortgagee himself had testified that such provision in the mortgage was understood by both as authorizing such sale.

In State v. Plaisted, 43 N. H. 413, a criminal prosecution for selling mortgaged property without the written consent of the mortgagee, in which the defendant offered to prove the oral consent of the mortgagee to the sale by way of defense, the court said:

"We do not think the verbal consent of the mortgagee to the sale is a sufficient answer to the indictment, as the statute expressly requires a written consent to justify a sale. * * * the verbal assent of the mortgagee to the sale of the mortgaged chattel furnishes no defense to this indictment."

[3] The statute is a harsh one; but its language is plain and unmistakable, and this court is without power to modify it by judicial construction or interpretation. But, while we are of the view that oral consent of the mortgagee cannot be proved as a defense to a criminal prosecution, we see no impropriety in suggesting that such consent, if shown, may properly be considered by the trial court in mitigation of punishment.

We have carefully considered assignments of error in rulings upon evidence, but none of them are so prejudicial as to justify reversal of the judgment. The judgment and order of the trial court must therefore be affirmed.

WHITING, J. (dissenting.) I fully concur in what is said in Watson v. State, 11 Okl. Cr. 542, 149 Pac. 926; and what is said therein is directly in point in, and applicable to the facts of, this case. An examination of the decision in State v. Boyer, cited by my colleagues, will disclose that it has no application whatso-

ever to the facts of this case.  Under the majority opinion, even though the mortgagee was present at the sale of mortgaged property and orally consented thereto—yes, even if he should buy the property himself of the mortgagor with an oral agreement that he should, and he afterwards did, apply the purchase price on the mortgage debt—if such sale was not preceded by the execution by the mortgagee of a written consent therefor, the mortgagor, by selling such property, would commit a felony, and might be sentenced to state's prison for three years.  Proof of the above facts, except the mere fact of sale, would, under my colleagues' views, be incompetent and to be excluded from the consideration of the jury; and the trial court would be bound to instruct the jury that the fact that the sale was to the mortgagee rather than to some third person was immaterial.

I cannot and will not subscribe to any ruling that can lead to such a monstrous result.