## HILLIGOSS *v.* THORPE ET AL.

[No. 11,660. Filed December 19, 1923.]

1. CHATTEL MORTGAGES.—*Failure to Record.—Effect.—Statute.* —The fact that a chattel mortgagee had not recorded his mortgage at the time of a sale of the mortgaged property by the mortgagor, which was less than ten days after the execution of the mortgage, would not preclude him from recovering the property, or its proceeds, from the purchaser thereof, for, under the law (§7472 Burns 1914, §6638 R. S. 1881), he had ten days from the date of the execution of the mortgage within which to record it. p. 618.

2. CHATTEL MORTGAGES.—*Waiver of Lien.*—A chattel mortgagee, by consenting to a sale of the mortgaged property, which is in the possession of the mortgagor, to an innocent purchaser, thereby waives his lien thereon, though he was not present at the sale. p. 618.

3. CHATTEL MORTGAGES.—*Sale of Mortgaged Property.*—A sale of the mortgaged property by the mortgagor cannot be questioned by him after he has voluntarily delivered the property to the purchaser, although the latter has not complied with all the conditions of the sale. p. 619.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Frederick Hilligoss against Ed Thorpe and others. From a judgment for defendant Mull on a cross-complaint, plaintiff appeals. *Reversed.*

*Chauncey W. Duncan, Donald L. Smith* and *Felt & Forney,* for appellant.

*John A. Titsworth* and *Russell B. Titsworth,* for appellees.

NICHOLS, J.—Action by appellant against appellee Thorpe on two promissory notes, one of which was executed by appellee Thorpe to appellant, and one to Peoples National Bank of Rushville, Indiana, upon which appellant was surety for appellee Thorpe and which appellant was compelled to pay. The action was also to recover the first installment of cash rental for appellant's farm due to appellant from appellee Thorpe, and $2.75 telephone toll charged to appellant by said appellee. Appellee Willey was garnishee defendant to appellant's complaint. Appellee Mull, on petition, was made a party and filed a cross-complaint against his co-appellees and appellant upon a note for $500 and to foreclose a chattel mortgage, which note and chattel mortgage were executed by appellee Thorpe. Appellee Thorpe filed a set-off against appellant's claim. Appellee Miller was made defendant to the cross-complaint, and a supplemental cross-complaint because of the purchase from appellant of some of the corn included in the chattel mortgage. The issues joined between appellant and appellees Thorpe and Willey were submitted to a jury for trial and a verdict was returned in favor

of said appellees. The issues involved in this appeal were tried by the court, and it found in favor of appellee Mull, and thereupon rendered judgment upon the verdict and finding that appellant take nothing of appellee Thorpe; that appellee Mull recover of appellee Thorpe $415.56 and that the chattel mortgage securing the same be foreclosed and the property therein described be sold; that the proceeds of such sale be applied to the payment first of the costs, then to the payment of the judgment in favor of appellee Mull and the overplus, if any, to be paid to the clerk for the use of the parties lawfully entitled to receive the same. It was further adjudged that appellee Mull recover of appellant $348.50, being the value of corn described in the chattel mortgage which appellant converted to his own use and sold to appellee Miller, and further ordered that, in the event that the property described in the chattel mortgage did not sell for a sufficient amount to pay Mull's judgment against Thorpe, appellee Mull should have execution against the property of appellant for any deficiency to the extent of $348.50.

Appellant's motion for a new trial was sustained as to the issues raised by appellant's complaint against appellee Thorpe, and the same was overruled as to the issues raised on the cross-complaint of appellee Mull. These rulings of the court are assigned as error.

The facts involved in this appeal are, briefly stated, that Thorpe was a tenant of appellant for six months from September 1, 1920. During the time that he was upon appellant's farm, he performed some labor for appellant, hiring him some teams and furnished him some meals, and thereby appellant became indebted to Thorpe. Thorpe was indebted to appellant on a note for $296.50, and appellant, as surety for Thorpe, was compelled to pay a note to the Peoples National Bank of Rushville, Indiana, for $350. Thorpe was also in-

debted to appellant in the sum of $125 cash rental. Thorpe advertised all his personal property for sale, the same to be sold on appellant's farm March 2, 1921. Appellant attempted to have a settlement with Thorpe but failed to obtain it. On March 1, 1921, Thorpe executed to Mull a note, in renewal of an old note for $500, payable on demand, and secured the same by giving a chattel mortgage on substantially all of his personal property which he was offering for sale at the said public sale to be held on March 2. The sale was under the direction of Thorpe, with the consent of and without any interference from Mull, and it was announced that all property offered at the sale was to be sold free and clear of all encumbrances. Appellant bid off property, including the corn with the conversion of which he is charged in the cross-complaint, which was of the value of $348.50, and certain other property including a team of mares. The next morning after the sale, Thorpe took the mares away and resold them to appellee Willey, who, learning of the chattel mortgage, rescinded the sale and, at Thorpe's request, turned them over to appellee Mull in whose possession they were at the time of the trial. No credit was given Mull for their value which was $200. Thorpe testified that he had permission from Mull to sell the corn, and Mull testified that he knew Thorpe was going to have a sale the next day after the chattel mortgage was executed and told him to proceed therewith. On the morning of the sale, appellant examined the records in the recorder's office in the county and found no liens against the property involved, Mull's chattel mortgage not then having been recorded.

It is appellant's contention that the statements of appellee Mull were such as to waive his mortgage upon the corn purchased by appellant at the sale and that he is estopped now to claim any property right therein or

the proceeds derived from the sale thereof. Appellee denies appellant's contention and contends that the purported sale was never consummated for the reason that the appellant did not comply with the terms and conditions of the sale and that there was no delivery.

The fact that appellee Mull had not, at the time of the public sale, recorded the mortgage would not within itself preclude him from recovering the property 1. mortgaged and which was sold at the sale, for, under the law, he had ten days from the date of the execution of the mortgage within which to record the same. But he could not, during the ten days, or at any time, for that matter, consent to the sale of the property by the mortgagor who had retained the possession thereof without waiving his right to a lien thereon.

The general principle is thus stated in 21 C. J. 1156: "Where one who owns or has an interest in personal property, with full knowledge of his rights; suf- 2. fers another to deal with it as his own by selling or pledging it, or otherwise disposing of it, he will be estopped to assert his title or right as against a third person who has acted on the faith of and been misled by his acquiescence. Actual presence of the owner at the time of the sale is not indispensable."

In this case appellee Mull was not present at the public sale, but knew of it and consented thereto. This court in the case of *Benedict* v. *Farlow* (1891), 1 Ind. App. 160, 27 N. E. 307, has announced the same principle as quoted from C. J. above. To the same effect see, also, *Carter* v. *Fately* (1879), 67 Ind. 427. Having waived his lien on the personal property described in his mortgage by consenting to the sale thereof at public auction, we do not see how he can have any right of action against appellant for conversion of the corn.

Appellee Thorpe is not contesting the sale of the corn

Calumet, etc., Machine Co. v. Mroz—80 Ind. App. 619.

to appellant, and if he were, he could not prevail, for the undisputed evidence is that the corn was upon the farm of appellant, and that both the farm and the corn were abandoned by Thorpe immediately after the public sale. The corn was left in possession of appellant and no question was raised concerning the sale thereof until about five months thereafter. Even if it might be said that appellant had not fully conformed with the conditions of the sale, such conditions were waived by the voluntary delivery of the possession of the corn to appellant. *Burt* v. *Kennedy* (1882), 2 Penny. (Pa.) 238.

We hold that under the undisputed evidence in this case appellee Mull has no right of action against appellant for conversion.

The judgment is reversed, with instructions to the trial court to grant a new trial.