## DUNCAN *v.* KIMBREL ET AL.

[No. 13,871.  Filed April 30, 1931.  Rehearing denied August 13, 1931.  Transfer denied December 11, 1931.]

*Chauncey W. Duncan* and *Owen S. Boling,* for appellant.

*Elmer Bassett,* for appellees.

KIME, J.—This was an action by Annie Kimbrel Fair, appellee herein, against one Russell Titsworth for an accounting, making this appellant a defendant to answer as to any interest he might claim. Appellant, in three paragraphs of cross-complaint, claims an interest as mortgagee in the property sold, for which a note was given (which is the largest part of the amount in controversy). To this, appellee Mrs. Fair filed two paragraphs of answer in estoppel. Her husband and coappellee also filed an answer in estoppel.

The sufficiency of the complaint or answers was not questioned in any manner.

After a trial by the court, a general finding was made in favor of Annie Kimbrel Fair that she is the owner of the note in question for $518.55, signed by Thomas K. Mull and Mary M. Mull, also $35.29 in cash held by Titsworth as assignee, and that appellant take nothing by his cross-complaint as to Annie Kimbrel Fair; a judgment was rendered accordingly thereon. Following the overruling of a motion for a new trial, Duncan, appealed, assigning as error the overruling of that motion. The only two points discussed in the brief are the decision is not sustained by sufficient evidence and that it is contrary to law.

The evidence discloses that William Fair gave a chattel mortgage to Duncan, December 17, 1924, which, after setting out various items of farming tools, live stock, etc., says "and all other farming tools, their substitutions, restorations and repairs, which I own and use." The mortgage further provided that "if from any cause, the security shall become inadequate, the said mortgagee may take such property or any part thereof into his own possession," and further provided for the sale of the same. This mortgage was recorded December 18, 1924. William C. Fair then became financially involved, and, upon the specific advice of his lawyer, Chauncey W.

Duncan, he made an assignment, which was drafted by said Duncan, to Russell Titsworth. This was on June 3, 1925. Then, on the next day, Duncan had Fair execute a bill of sale and assignment (into which he attempted to include some sort of a power of attorney) to him (Duncan) for all of the property claimed by Fair as his householder's exemption.

Duncan then had his client William C. Fair execute to Titsworth a power of attorney to sell his exempt property and pay proceeds of such sale to Duncan up to the amount owing Duncan by Fair.

Appellant then expressly directed Titsworth to sell to appellee Annie Kimbrel Fair all the property claimed by William F. Fair as exempt. Appellant advised Mrs. Fair that it would be all right for her to buy it and give her note in payment thereof. This she did. She then had Titsworth as her agent sell part of the property so purchased. One item was some growing corn, which was sold to one Mull, who gave his note therefor, with his wife as surety, and Titsworth, agent, as payee.

The appellee claims that appellant is estopped by his conduct to set up any title. Appellant says that, because appellee had constructive knowledge of his recorded mortgage, her plea of estoppel cannot prevail.

In the absence of a waiver of this right or without any element of misrepresentation or fraud, this is a correct viewpoint of appellant. But here there is ample evidence that appellant, by his representations, waived any right he might have been entitled to rely on by reason of his recorded mortgage by actively counseling both Mrs. Fair and her agent that the matter could be handled as it was eventually executed. *Hilligose* v. *Thorpe* (1923), 80 Ind. App. 614, 141 N. E. 797; *Carter* v. *Fately* (1879), 67 Ind. 427; *Benedict* v. *Farlow* (1891), 1 Ind. App. 160, 27 N. E. 307. It is well settled that a clear and positive representation of

fact may be acted upon, although the person it was intended to influence had legal notice thereof by virtue of a public record. *Dodge* v. *Pope* (1883), 93 Ind. 480; *Campbell* v. *Frankem* (1879), 65 Ind. 591.

This judgment is, therefore, affirmed, and it is so ordered.