## W. A. SMITH v. STATE.

No. A-7638.   Opinion Filed July 18, 1931.
(1 Pac. [2d] 814.)

Owen F. Renegar, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kiowa county on a charge of selling mortgaged property, and was sentenced to serve a term of one year in the state penitentiary.

The evidence of the state is that the defendant purchased a Velie automobile from the Walker Motor Exchange Company of Oklahoma City, and gave a mortgage thereon to said company in the sum of $365. The mortgage was recorded in Kiowa county,' and thereafter in said county the defendant sold said automobile to one Greenhaw without having procured the written consent of the holder of said mortgage. The mortgagee replevined said automobile from Greenhaw, and defendant did not defend said replevin action.

Defendant admitted the purchase of the automobile and the execution by him of the mortgage, and that the mortgage had not been paid, and that he sold the automobile to Greenhaw knowing that it was mortgaged. He testified he had verbal authority from the mortgagee to sell the same. At the close of the trial, he requested the trial court, in substance, to instruct the jury that, if they should find defendant was authorized by oral authority from the mortgagee to sell or dispose of said car, then they should find the defendant not guilty. The court refused this instruction, and gave no instruction touching the matter of oral consent, but instructed the jury in instruction No. 4 that if they should find from the evidence that defendant sold the automobile in question to Greenhaw, and that at the time the same was mortgaged, and without the written consent of the mortgagee and with intent to cheat and defraud, then they should find the defendant guilty. In the case of Watson v. State, 11 Okla. Cr. 542, 149 Pac. 926, this court held that a mortgagor, prosecuted under the provisions of section 2215, Comp. Stat. 1921, may prove oral consent in mitigation of punishment. That case further holds in substance that the absence of an intent to defraud would be a defense. The instruction requested is not correct, but it is well settled

that where a defendant requests an instruction pertaining to a material issue, but the request is not in proper form, the court should give a correct instruction covering such issue. Thomas v. State, 13 Okla. Cr. 414, 164 Pac. 995.

For the reasons assigned, the case is reversed and remanded.

EDWARDS, J., concurs. CHAPPELL, J., dissents.

CHAPPELL, J. (dissenting). I cannot agree with the majority opinion in this case, for two reasons:

First. Because the evidence of the defendant was insufficient to show that he had the verbal consent of the mortgagee to sell the property.

On direct examination, the defendant testified:

"Q. Did you have permission to sell this particular car with this mortgage on it? A. He told me I could sell it; yes, sir."

On cross-examination he testified:

"Q. Did you ever have any consent from Walker Motor Exchange Company, the mortgagee in that mortgage there, to sell this car? A. Just as I have said, sir; I have said that I told them that I was going to sell the car. I would not buy it for any other purpose, and they told me I ought to take it and get something to get money out of.

"Q. Did you ever have any written consent from them? A. No, sir."

It will thus be seen that the defendant never at any time testified that he had permission, written or otherwise, from the mortgagee to sell the property in question.

The evidence being insufficient to raise the question of verbal consent, it was not error for the trial court to refuse to instruct the jury upon such question.

Second. I cannot agree with the majority opinion because the trial court's action in refusing to instruct the jury upon the question of verbal consent to sell the property was right.

Section 2215, C. O. S. 1921, provides:

"Any mortgagor of personal property, or his legal representative, who, while such mortgage remains in force and unsatisfied, conceals, sells, or in any manner disposes of such property, or any part thereof, or removes such property, or any part thereof, beyond the limits of the county, or materially injures or willfully destroys such property, or any part thereof, without the written consent of the holder of such mortgage, shall be deemed guilty of a felony, and shall, upon conviction, be punished by imprisonment in the penitentiary for a period not exceeding three years or in the county jail not exceeding one year, or by a fine of not to exceed $500: Provided, that the writing containing the consent of the holder of the mortgage, as before specified, shall be the only competent evidence of such consent, unless it appear that such writing has been lost or destroyed."

It was not an offense at common law to sell mortgaged property. The offense being statutory, we are confronted with the question of the power of the Legislature to make the acts complained of criminal.

In the case of State v. Harris et al., 47 Okla. Cr. 344, 288 Pac. 385, 387, this court said:

"Embezzlement was not a crime at common law, but is a crime defined by statute, and the Legislature may declare what acts constitute the crime of embezzlement and fix the punishment therefor. * * *

"It was sufficient to charge the offense of embezzlement in the language of the statute or substantially in such language. Since section 9781, supra, does not require any intent, but makes the officer intrusted with the

funds coming into his hands for safe-keeping, transfer, or disbursement, * * * or any one who advises, aids, or participates in the conversion, using by way of investment, or loaning of such funds, guilty of embezzlement, it is sufficient to charge such acts in the language of the statute and to prove that such funds were converted or used by way of investment or loaned, and that the conversion, investing, or loaning was participated in by the defendants."

Section 2215, supra, makes it a felony to conceal, sell, or in any manner dispose of mortgaged property, or any part thereof, or to remove such property, or any part thereof, beyond the limits of the county, or materially injure or willfully destroy such property, or any part thereof, without the written consent of the holder of such mortgage.

It was within the power of the Legislature to make any of the acts forbidden by section 2215, supra, criminal.

Section 36, article 5, of the Constitution, provides:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever."

None of the limitations set forth in sections 46, 47, 48, 49, 50, 51, 52, or 53 of the Constitution in any wise curtail or limit the power of the Legislature to enact section 2215, supra, and similar statutes upon other subjects.

In Stewart v. State, 4 Okla. Cr. 564, 109 Pac. 243, 32 L. R. A. (N. S.) 505, this court said:

"It is the exclusive province of the Legislature to declare what shall constitute a crime, but it is the duty of the courts to determine whether a particular act done or omitted is within the intendment of a general statute.

"The Legislature in creating an offense may define it by a particular description of the act or acts constituting it, or it may define it as any act which produces, or is reasonably calculated to produce, a certain defined or described result."

In State v. Bailey, 115 Or. 428, 236 Pac. 1053, that court said:

"Legislature may declare what acts shall constitute a crime subject to constitutional prohibition."

In People v. Malley, 49 Cal. App. 597, 194 Pac. 48, that court said:

"The Legislature has power to repress whatever it deems hurtful to the general good, the only limitations being those prescribed in the Constitution."

In State v. Park, 42, Nev. 386, 178 Pac. 389, that court said:

"Acting within constitutional bounds, the Legislature is clothed with unlimited and absolute power to define statutory offenses and prescribe punishment for their violation, and may penalize acts which before were innocent.

"The Legislature may, in the exercise of the police power when public interests demand it, define and declare public offenses the effect of which restricts or regulates the use and enjoyment of private property."

Such section further provides that the writing containing the consent of the owner of the mortgage shall be the only competent evidence of such consent, unless it appear that such writing has been lost or destroyed. It is within the power of the Legislature to fix the manner of proof as well as the manner of consent.

It being within the power of the Legislature to make the acts complained of criminal, and to provide the manner of proof, this court has no right to read into section

2215, supra, conditions neither contained in nor implied by the language of such section.

In the exercise of its police power the Legislature saw fit to make the acts complained of criminal, evidently for the purpose of protecting honest mortgagors and restricting dishonest ones, and for the further purpose of encouraging business and making investments secured by chattel mortgages stable and valuable, and also for the encouragement of business and the benefit of all the people of the state.

In Watson v. State, 11 Okla. Cr. 542, 149 Pac. 926, this court said:

"Section 2755, Rev. Laws 1910, was enacted for the purpose of protecting mortgagees from fraud, annoyance, and expense, and was intended only to give such mortgagees fair protection, without imposing unnecessary, harmful, and burdensome restrictions upon mortgagors."

How this court in the face of the plain and unambiguous language of section 2755, Rev. Laws 1910, section 2215, supra, could arrive at any such conclusion is beyond my comprehension. The policy of the state is to be determined by the Legislature. This court is not charged with the duty of legislating, but with the interpretation of the law within the limits of the Constitution and the provisions of the particular law in question.

Watson v. State, supra, is unsound, is contrary to the Constitution and statutes of the state and the great weight of authority in other states, and ought not to be followed by this court.

In that case, the court said the defendant had a right in mitigation of punishment to show the debt had been paid, or that he had verbal consent of the mortgagee to remove the property.

In the case at bar, this goes a step farther and says that verbal consent is an absolute defense to the crime charged, and that it is error for the trial court to refuse to give such instruction.

The effect of these two decisions is to unsettle business, render chattel mortgages undesirable investments, and nullify and destroy the section.

For the reasons stated, I dissent from the majority opinion in the case.