## GEIMAUSADDLE v. STATE.

No. A-11436. July 18, 1951.

(234 P. 2d 943).

W. R. Wheeler, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, George Geimausaddle, was charged in the district court of Caddo county, Oklahoma, with the crime of disposing of mortgaged property, to wit, one Chevrolet, 1940 Model, 4-door sedan motor No. 3336153, which theretofore had been mortgaged to the Washita Valley Bank of Fort Cobb, Oklahoma, while said mortgage was then subsisting and in full force and effect and unsatisfied. The defendant was tried by a jury, convicted, his punishment fixed at a year and a day in the penitentiary, and judgment and sentence entered accordingly.

The facts briefly are that on the 1st of October, 1948, the defendant executed to the Washita Valley Bank at Fort Cobb to cover loans 2 certain notes in the sum of $225 each. To secure the said notes the defendant sold, conveyed and mortgaged to said bank the hereinbefore described 1940 model Chevrolet automobile. Thereafter, without the written or verbal consent of said bank, the defendant disposed of said mortgaged automobile by transferring and conveying the title and possession of the same to one Fay Barr. The record further discloses that Fay Barr accepted title to said automobile without knowledge that said car was mortgaged to the Washita Valley Bank. Shortly after title and possession to said automobile was acquired by Fay Barr she borrowed money on the said automobile from the M. & D. Loan Company in Lawton, Oklahoma. Subsequent thereto she sold the said automobile to John White. Fay Barr took part of the money she thus received and satisfied the loan to the M. & D. Loan Company in Lawton, Oklahoma. The Washita Valley Bank thereafter made demand upon John White for its Chevrolet automobile as hereinabove described. John White was compelled to pay off the said notes and satisfy the Washita Valley Bank's mortgage on said automobile in order to protect his purchase of the said Chevrolet automobile. The record

further shows that the said mortgage was filed in the office of the county clerk of Caddo county, Oklahoma, on October 7, 1948. Mr. W. D. Finney, president of the Washita Valley Bank, testified he did not give the defendant permission either written or oral to dispose of the said automobile. The evidence in relation to obtaining consent or permission to dispose of the said automobile discloses the defendant admitted he did not have the bank's permission to dispose of the same. He contended he contacted the banker relative to selling the automobile and testified that Mr. Finney told him he did not know, to drop in and see him. The defendant said he then dropped it. In other words, he did not contact the bank relative to obtaining consent to sell the Chevrolet or otherwise dispose of the same. The record is conclusive that he did not obtain either the written or oral consent of the bank. The pertinent part § 1834, Title 21, O. S. A. 1941, which covers the situation herein involved, reads as follows, to wit:

"Any mortgagor of personal property, or his legal representative, who, while such mortgage remains in force and unsatisfied, conceals, sells, or in any manner disposes of such property, or any part thereof, or removes such property, or any part thereof, beyond the limits of the county, or materially injures or wilfully destroys such property, or any part thereof, without the written consent of the holder of such mortgage, shall be deemed guilty of a felony, and shall, upon conviction, be punished by imprisonment in the penitentiary for a period not exceeding three years or in the county jail not exceeding one year, or by a fine of not to exceed five hundred dollars: Provided, that the writing containing the consent of the holder of the mortgage, as before specified, shall be the only competent evidence of such consent, unless it appears that such writing has been lost or destroyed."

As was said in Watson v. State, 11 Okla. Cr. 542, 149 P. 926:

"The foregoing act subjects each and every person who violates the provisions thereof, with intent to defraud a mortgagee, or who violates the provisions thereof, and by reason of this act a fraud results against the rights of the mortgagee, to the punishment therein provided.

"A mortgagor who is prosecuted under this provision is always entitled to prove, in mitigation of punishment, that the mortgage debt has been paid, or that he had the verbal consent of the mortgagee to remove the property.

"An information in the language of the statute, and proof tending reasonably to establish the allegations set forth in such information, would make a prima facie case on behalf of the state.

"The proposition of whether or not a fraud was intended, or whether or not a fraud resulted to the mortgagee, would be a matter of defense."

See, also, Miller v. State, 94 Okla. Cr. 198, 232 P. 2d 651. The evidence in support of the charge makes a prima facie case against the defendant, including his own admissions. The evidence and the defendant's admissions brings the case within the provisions of § 1834, Title 21, O.S.A. 1941. The evidence in behalf of the defendant is insufficient to support his plea of not guilty. Neither does it show payment nor verbal consent, or tacit authority from the mortgagee to dispose of the Chevrolet automobile. Mays v. State, 33 Okla. Cr. 185, 242 P. 580. The judgment and sentence is not excessive since the maximum penalty provided by law is three years in the penitentiary, or by fine not to exceed $500. The judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.