CHARLES CARROLL, Chief Judge.
The appellant was the defendant below in a suit for foreclosure of a recorded chattel mortgage on the equipment of a restaurant business. The appeal is from a summary final decree of foreclosure, entered in favor of the plaintiff.
Answering the complaint the defendant pleaded estoppel, averring that the plaintiff mortgagee, present at the negotiations for the sale of the business to defendant, represented that he had no interest in the restaurant; that at the time the sale was made and the purchase price was agreed upon in the plaintiff’s presence, he fraudulently concealed the fact that he held a mortgage lien; and that the purchase of the restaurant business by the defendant “without further checking as to any outstanding liens or other interests which plaintiff might have had in the said premises,” was in reliance in good faith on plaintiff's concealment thereof and fraudulent statement to the contrary.
A motion for summary judgment was filed on behalf of the plaintiff, relying for support on certain affidavits and his deposition, asserting the existence and default of the mortgage indebtedness. Prior to a hearing thereon the plaintiff died, and his widow as sole heir and beneficiary was substituted as plaintiff.
Thereafter there was filed on behalf of the defendant, in opposition to the plaintiff’s motion for summary judgment, an affidavit of the defendant’s wife, Helen Scotti, in which she stated that she was present during the negotiations for the purchase of the restaurant business by defendant from Gennaro Romano; that the negotiations and sale took place in the restaurant premises; that during such negotiations the plaintiff George Maysles was present and took active part, and that in the course thereof the seller, Gennaro Romano, itemized to the defendant what he represented to be all outstanding obligations with respect to the restaurant, but did not include a chattel mortgage held by the plaintiff on the restaurant equipment; that the plaintiff was present and heard Romano itemize the outstanding obligations and made no statement to the contrary; that in the course of such negotiations the defendant asked the plaintiff whether he held any interest in the restaurant, financial or *819 otherwise, and plaintiff replied that “he had no interest in the restaurant either financial or otherwise, hut that because he had been a previous owner of the restaurant, he stayed around the premises, because he felt like part of the furniture.”
We agree with the contention of the appellant that on the record before the trial court it was error to grant' a summary foreclosure decree in favor of the plaintiff. The conduct of the mortgagee who was present, as recited in Mrs. Scotti’s affidavit, if established, would he sufficient to create an estoppel. In his deposition the plaintiff testified he was not present at the negotiations when the sale was made. Thus a triable issue was presented relating to the asserted defense.
In dealing with the question of estoppel as applicable to a mortgagee, the Supreme Court of Florida, in Hendricks v. Stark, 99 Fla. 277, 126 So. 293, 297, said:
“In order to work an estoppel, ‘silence’ must be under such circumstances that there are both a specific opportunity, and a real apparent duty, to speak; or as otherwise expressed: If a man is silent when he ought to speak, equity will debar him from speaking when conscience requires him to keep silent. 10 R.C.L. 692; 1 Wiltsie on Mortgages (4th Ed.) 167, § 117.”
That rule has been applied to estop a mortgagee from accelerating and foreclosing for the unmatured balance of a mortgage indebtedness. See Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; Harrell v. Lombard, Fla.App. 1960, 122 So.2d 625; Koschorek v. Fisher, Fla.App. 1962, 145 So.2d 755, 757. Cf. Thomas v. Dickinson, 158 Fla. 819, 30 So. 2d 382.
An annotation entitled “Chattel mortgagee’s consent to sale of mortgaged property as waiver of lien” (97 A.L.R. 646, 651-656), cites decisions of federal courts and the courts of thirty states and Canada, supporting the proposition stated in the annotation as follows (at pp. 650-651): “The rule is well established that the consent of a chattel mortgagee that his mortgagor sell the mortgaged property and received the proceeds, when acted upon, constitutes, as to the purchaser, a waiver of the lien of the mortgage.” To the same effect see 14 C.J.S. Chattel Mortgages § 262, pp. 874-882.
In Benedict v. Farlow, 1 Ind.App. 160, 27 N.E. 307, one of the cases cited in the above annotation, a foreclosure suit was filed by the two holders of a chattel mortgage on a horse. In his answer the defendant averred purchase of the horse from a man named Gunn, who, having mortgaged the horse to the plaintiffs, had been permitted to retain it in his possession; that Gunn made a public sale of all of his personal property including the horse; that the mortgagees had agreed with Gunn that he might sell the horse; that one of the mortgagees was present at the sale at the time the horse was purchased by the defendant, and that he stood by and saw the defendant purchase the horse for its then full value without asserting or claiming any interest in or title to the horse and without giving any notice that he had or claimed any interest therein. The plaintiff mortgagees demurred to the answer. Their demurrer was overruled, and they appealed. The order overruling the demurrer to the answer was affirmed. The court held that the facts pleaded in the answer presented a defense against the mortgagee who was present at the sale and also against the other mortgagee who was not present. Upon so holding that court said:
“ * * * We think the facts set out in this paragraph of the answer are sufficient to constitute an estoppel. Hosford v. Johnson, 74 Ind. 479. Where a mortgagee of chattels leaves the mortgaged property in the possession of. the mortgagor, with license to sell or trade the same, he and his assigns are estopped to set up any interest in the property against one who acquires the same by *820 purchase or exchange of other property from the mortgagor, and with the knowledge of the mortgagee. Carter v. Fately, 67 Ind. 427. In the case at bar the averment is that the mortgagees not only gave permission to the mortgagor to sell the property, but that one of the mortgagees stood by and saw the appellee purchase the colt without setting up or claiming any interest in it. Where such permission is given, and the mortgagee allows the mortgagor to appear as if he had complete control and authority over the thing mortgaged, he will be estopped to deny such authority against one who has no actual notice of the mortgage, and who, on the representations or silence of the mortgagee, has purchased the property. * * * ” [Italics supplied.]
For the reasons stated, the summary final decree entered in favor of the plaintiff is reversed.
Reversed.