Georgia THURLO, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–17062.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

Rehearing Denied Feb. 28, 1972.

James V. Whitley, Duncan, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Georgia Thurlo, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Stephens County, Oklahoma for the offense of Removing Mortgaged Property; her punishment was fixed at one hundred and eighty (180) days imprisonment in the county jail, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, counsel for the State and counsel for the defendant entered into the following stipulation:

"Comes now the State of Oklahoma and Georgia Thurlo, by her attorney, Mr. Whitley, and hereby agree and stipulate that the Defendant, Georgia Thurlo, purchased furniture in the amount of $980.99, for which a security agreement was entered into, said security agreement being made of record December 10th, 1970, at 2:13 P.M., that the furniture represented by said security [sic] was removed to Denison, Texas, and has not, as of this date, been paid for in total, the amount owed being not stipulated to."

Donald Spivey testified that he was the manager of Kirkpatrick's Furniture Store in Marlow, Oklahoma, and that on the 30th day of April, 1969, the defendant purchased furniture from his store, and in payment, executed a security agreement. He testified that he did not give the defendant either written or oral permission to move the furniture from Stephens County, and that the amount due and unpaid on the furniture was $681.17.

Defendant Thurlo testified that she did sign the security agreement to purchase the furniture, and that the furniture was moved to Denison, Texas by her brother and a man that worked for her husband. She stated that after moving to Texas, she and her husband had marital difficulties, and her husband left her. She was only able to make two payments on the furniture, eventually left in the rented house in Texas.

Defendant testified on cross examination that she had received a telegram from the furniture store, and a statement, after she returned to Oklahoma. She testified that she did not have permission from the store to remove the furniture. On redirect examination, she testified that she did not have any intent to defraud the store, and that she still owed a balance of some amount.

Carl Thurlo, the husband of the defendant, testified that after they moved to Texas, he and the defendant had financial problems, and became separated. He testified that the owners of the rented house took the furniture for the non-payment of rent. On cross examination, he admitted receiving a letter from the furniture company in September, 1970, and that he intended to pick up the furniture in Texas and return it to the store, and upon attempting to do so found that "the landlord got it." (Tr. 17)

Paul Cole, a character witness, testified that the defendant's reputation was very good. The State stipulated that a second character witness would also testify that the defendant's reputation was very good.

In rebuttal, Donald Spivey testified that he went to Denison, Texas and attempted to find an address he had received on a return envelope, and was unable to find the address.

■ The sole proposition asserts that the State failed to prove defendant's intent to defraud. We have previously held that the proposition of whether or not a fraud was intended, or whether or not a fraud resulted to the mortgagee, would be a matter of defense. Watson v. State, 11 Okl.Cr. 542, 149 P. 926. In dealing with a similar proposition in Geimausaddle v. State, 94 Okl.Cr. 246, 234 P.2d 943, we stated:

"The evidence in support of the charge makes a prima facie case against the defendant, including his own admissions. This evidence and the defendant's admissions brings the case within the provi-

sions of § 1834, Title 21, O.S.A.1941. The evidence in behalf of the defendant is insufficient to support his plea of not guilty. Neither does it show payment nor verbal consent, or tacit authority from the mortgagee to dispose of the Chevrolet automobile."

██ In the instant case, we are of the opinion that the evidence in support of the charge makes a prima facie case against the defendant. The evidence in behalf of the defendant does not show payment, nor verbal consent or tacit authority, from the furniture store to remove the furniture from Stephens County, Oklahoma.

In conclusion, on consideration of the entire record, and all the circumstances, including defendant's prior good reputation, we are of the opinion that justice would best be served by modifying the judgment and sentence to a term of thirty days imprisonment in the county jail, and a fine of $50.00. Gable v. State, Okl.Cr., 424 P.2d 433. Modified and affirmed.

BRETT and SIMMS, JJ., concur.

